Filed 2/18/22  In re E.G. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re E.G., a Person Coming Under the Juvenile Court Law. | B313582 (Los Angeles County Super. Ct. No. 18CCJP04740A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. ERICA G., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pete R. Navarro, Judge Pro Tempore. Conditionally affirmed and remanded with directions.

Carol A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Veronica Randazzo, Deputy County Counsel for Plaintiff and Respondent.

_____

Erica G. (mother) appeals from the order terminating parental rights to her child, E.G. (minor), under Welfare and Institutions Code section 366.26.[1]  Mother contends the Los Angeles County Department of Children and Family Services (the Department) and the juvenile court failed to comply with the inquiry requirements of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.).  We conditionally affirm, and remand for ICWA compliance.

## FACTUAL AND PROCEDURAL BACKGROUND

Because the sole issue raised in mother's appeal is ICWA compliance, we focus primarily on the facts and procedural background relevant to that issue.

Minor, who was born in 2013, was the subject of an earlier dependency case based on substance abuse by both parents.[2]  The initial section 300 petition in that case was filed in 2014,

_____

[1] Further statutory references are to the Welfare and Institutions Code unless stated otherwise.

[2] Minor's father, C.C., is not a party to this appeal.

2

and the court found that ICWA did not apply. The case ended in 2017 with an award of physical and legal custody to mother.

The current dependency case began in the summer of 2018, based on a deterioration in mother's mental health and her refusal to contact investigating social workers. During their initial investigation, social workers spoke to maternal grandmother and a 17-year-old maternal uncle, both of whom had been living with mother until she had a psychiatric hospitalization. Maternal grandmother would not give the social worker mother's telephone number, but said she would ask mother to call the social worker. The Department detained minor (then four years old), placing her with maternal grandmother and instructing maternal grandmother that mother could not see minor until after a detention hearing took place. Mother spoke briefly with the social worker, who advised mother about minor's detention and the upcoming detention hearing. After minor was detained, mother made some minimal statements about the petition allegations to the social worker. Addressing ICWA in its September 2018 jurisdiction and disposition report, the Department stated that the court previously found ICWA inapplicable in May 2014.

At an initial hearing on August 31, 2018, mother filed a Parental Notification of Indian Status form (ICWA-020) stating that she may have Indian ancestry. Mother gave the name of a cousin (A.M.), but mother also noted that she was not in contact with him and did not know his phone number, birthdate, or address. Responding to questions from the court, mother denied knowing the name of the tribe. She stated her parents were born in Mexico, and her grandparents were born "Somewhere distant. It wasn't Mexico. I think it was maybe Spain or

3

something."  Based on the information mother provided, the court stated "there's insufficient evidence to find that this falls within ICWA."

On October 2, 2018, father filed a Parental Notification of Indian Status form (ICWA-020) denying any Indian ancestry, and the court found that ICWA did not apply as to father.

The Department's six-month and twelve-month review reports state, "On 10/02/2018, the Court found that the [Indian] Child Welfare Act (ICWA) does not apply to this case."  The court terminated reunification services at the 12-month review hearing.  Subsequent reports refer to the court's August 31, 2018 finding that ICWA did not apply.

At the section 366.26 hearing on May 12, 2021, the juvenile court terminated parental rights as to minor; it made no express ICWA findings on the record.  Mother filed a timely notice of appeal.

## DISCUSSION

*ICWA Requirements and Standard of Review*

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' [Citation.]"  (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7 (*Isaiah W.*).)  "In California, . . . persistent noncompliance with ICWA led the Legislature in 2006 to 'incorporate[] ICWA's requirements into

4

California statutory law.' [Citations.]" (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; see also *In re Breanna S.* (2017) 8 Cal.App.5th 636, 650 [California law "incorporates and enhances ICWA's requirements"].)  Both ICWA and California law define an "Indian child" as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.  (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see also *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783 (*Elizabeth M.*).)  The court and the Department have an affirmative and continuing duty under ICWA and related California law to inquire whether a child who is the subject of a dependency proceeding is or may be an Indian child.  (*Isaiah W.*, *supra*, 1 Cal.5th at pp. 7–8.)  The scope of the duty of inquiry is defined in regulations promulgated under ICWA (see 25 C.F.R. § 23.107 et seq. (2020)), California statutes, and rules of court.  (*In re T.G.* (2020) 58 Cal.App.5th 275, 290–291 (*T.G.*).)  Here, we apply the federal and state statutes in effect in May 2021, when the section 366.26 hearing took place.  (*In re A.M.* (2020) 47 Cal.App.5th 303, 321.)

The Department's initial duty of inquiry at the beginning of a child welfare proceeding includes "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child."  (§ 224.2, subd. (b).)  The court must inquire at each party's first appearance, whether any participant in the proceeding "knows or has reason to know that the child is an Indian child."  (§ 224.2, subd. (c).)  Part of the initial inquiry includes requiring each party to complete the ICWA-020 form.  (Cal. Rules of Court, rule 5.481(a)(2)(C).)

When there is "reason to believe that an Indian child is involved in a proceeding," further inquiry is required. (§ 224.2, subd. (e); *T.G.*, *supra*, 58 Cal.App.5th at p. 290, fn. 14.) Effective September 18, 2020, section 224.2, subdivision (e)(1), explains that "reason to believe" exists "whenever the court, social worker, or probation officer has information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe." Further inquiry may include interviewing parents and extended family members to obtain information such as the names of the child's "biological parents, grandparents, and great-grandparents, . . . as well as their current and former addresses, birth dates, places of birth and death, tribal enrollment information of other direct lineal ancestors of the child, and any other identifying information, if known." (§ 224.2, subd. (e)(2)(A); 224.3, subd. (a)(5)(C); Cal. Rules of Court, rule 5.481(a)(4)(A).) The agency engaging in further inquiry may also need to contact the Bureau of Indian Affairs, the State Department of Social Services, and any tribes the child may be affiliated with, and anyone else, that might have information regarding the child's membership or eligibility in a tribe. (§ 224.2, subds. (e)(2)(B) & (e)(2)(C); Cal. Rules of Court, rule 5.481(a)(4)(B)&(C).)

If the Department's further inquiry efforts result in information that would give the court or the Department "reason to know" that the child is an Indian child under ICWA, then the relevant tribes must be given notice of the proceedings. (25 U.S.C. § 1912, subd. (a); § 224.3, subd. (a); § 224.2, subd. (d) [describing circumstances where there is "reason to know" a child is an Indian child].)

6

We review the juvenile court's ICWA findings for substantial evidence, and the appellant bears the burden of showing insufficient evidence to support the ICWA finding. (*In re Josiah T.* (2021) 71 Cal.App.5th 388, 401.)

*The Court's ICWA Finding is not Supported by Substantial Evidence*

Mother contends the Department failed to satisfy its duties of initial and further inquiry under section 224.2, subdivisions (a), (b), and (e), because it did not ask maternal grandmother, maternal uncle, or any extended family about minor's possible Indian ancestry. The Department counters that there was substantial evidence to support the court's determination that ICWA was inapplicable. The Department argues that the information mother provided to the court, including her inability to provide any contact information for the cousin identified on her ICWA-020 form and her statements denying that any maternal grandparents or great-grandparents were born in the United States, were substantial evidence to support the court's finding that ICWA was inapplicable. We agree with mother's position that the juvenile court's May 12, 2021 implied ICWA finding was not supported by substantial evidence of a meaningful inquiry following mother's claim of Indian ancestry. (*Elizabeth M., supra,* 19 Cal.App.5th at p. 786 [Department failed to interview family members that might have information relevant to mother's claim of Indian ancestry].)

The Department's detention report contains no indication the social worker asked anyone, including maternal grandmother or maternal uncle with whom the Department was in contact at

7

the outset of the case, if they had any knowledge of minor's possible Indian ancestry. As a result, the Department failed to satisfy its duty of initial inquiry, which includes "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b).)

At the detention hearing, mother's ICWA-020 form asserted that mother may have Indian ancestry, giving the court and the Department "reason to believe" an Indian child may be involved, and triggering a duty of further inquiry. (*T.G., supra,* 58 Cal.App.5th at p. 292.) Reviewing courts have found the duty of further inquiry is satisfied when the record contains evidence of a meaningful inquiry into the possibility that a minor is an Indian child. (See, e.g., *In re D.F.* (2020) 55 Cal.App.5th 558, 569–570 [agency's "repeated efforts to gather information concerning the children's maternal ancestry," including interviewing grandparents and other family members, provided substantial evidence of further inquiry]; *In re D.S.* (2020) 46 Cal.App.5th 1041, 1046–1047, 1052–1054 [agency detailed the efforts by minor's aunt (who was also minor's caregiver) to determine whether there was any chance of tribal membership, and contacted multiple tribes with no success in determining minor's eligibility for tribal membership].) Acknowledging that the Department "is not required to 'cast about' for information or pursue unproductive investigative leads" (*In re D.S., supra,* 46 Cal.App.5th at p. 1053), we still conclude that without any evidence that the Department made any effort to locate the relative mother identified in her ICWA-020 form or ask maternal grandmother or any other available relatives about mother's

8

claim of Indian ancestry, the court erred in finding ICWA inapplicable.  Further, we find the juvenile court's questions asking mother where her parents and grandparents were from was not, by itself, a meaningful inquiry into the possibility that minor was an Indian child.  (§ 224.2, subd. (e)(2).)  The juvenile court's effort to extrapolate ICWA's applicability from mother's vague in-court statements does not substitute for the Department meeting the statutory obligations under the duty of further inquiry to contact "any other person that may reasonably be expected to have information regarding the child's membership status or eligibility." (§ 224.2, subd. (e)(2)(B); see *In re K.R.* (2018) 20 Cal.App.5th 701, 709 ["a social services agency has the obligation to make a meaningful effort to locate and interview extended family members to obtain whatever information they may have as to the child's possible Indian status"].)  The court's conclusion that ICWA did not apply was not supported by substantial evidence.  (See, e.g., *T.G., supra,* 58 Cal.App.5th at pp. 294–295; accord, *In re S.R.* (2021) 64 Cal.App.5th 303, 317 [broadly interpreting section 224.2, subdivision (e)'s "reason to believe" standard requiring further inquiry].)

*Prejudicial Error*

Although it is typically the appellant's burden to demonstrate that an error is prejudicial, when the silent record is caused by the Department's and the court's failure to make appropriate inquiries, we cannot find the error to be harmless. (*In re N.G.* (2018) 27 Cal.App.5th 474, 484 [when the record is silent as to whether the Department asked the mother or other maternal relatives whether minor may have maternal Indian

9

ancestry, ICWA error was necessarily prejudicial]; *In re K.R., supra,* 20 Cal.App.5th at p. 708 [appellate review of ICWA compliance "should not be derailed simply because the parent is unable to produce an adequate record"]; but see *In re A.C.* (2021) 65 Cal.App.5th 1060, 1071–1073 [finding ICWA error harmless because father never claimed Indian ancestry].)  On a record that contains no evidence of any initial inquiries or any further investigation by the Department after mother claimed Indian ancestry at the August 31, 2018 detention hearing, we cannot know within any degree of reasonable probability whether, had the Department made the requisite effort to interview maternal grandmother and maternal uncle, it would have discovered information necessitating further interviews or notice to one or more Indian tribes.  Accordingly, remand is required for the Department and the court to document additional investigative efforts, and make findings based upon those additional efforts.

## DISPOSITION

The juvenile court's order terminating parental rights under section 366.26 is conditionally affirmed. The case is remanded to the juvenile court to order the Department to ask maternal grandmother and any available extended family members about mother's claim of Indian ancestry, and report on the results of the Department's investigation. Based on the information presented, if the juvenile court determines that no additional inquiry or notice to tribes is necessary, the termination of parental rights is affirmed. If additional inquiry or notice is warranted, the court shall make orders consistent with ensuring compliance with ICWA and related California law.


MOOR, J.

I concur:


RUBIN, P.J.

11

In re E.G.
B313582


BAKER, J., Concurring


I agree the opinion for the court reaches the correct result and I join in the disposition. I do not join in all the particulars of the majority opinion's analysis.


BAKER, J.